**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CARRY BLUNT,**

                    **Petitioner,**

              **v.**　　　　　　　　　　**Civil No. 9:01-CV-1619
                                                       (GLS/GLD)**

**SUPERINTENDENT EISENSCHMIDT,**

                    **Respondent.**
_____

**APPEARANCES:**　　　　　　　　　**OF COUNSEL:**

**FOR THE PETITIONER:**

CARRY BLUNT
Petitioner, *Pro Se*
99-B-0106
Clinton Correctional Facility Annex
P.O. Box 2002
Dannemora, New York 12929

**FOR THE RESPONDENT:**

HON. ELIOT SPITZER　　　　　　　PATRICK F. MACRAE
Office of New York Attorney General　Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

**Gary L. Sharpe
U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Petitioner *pro se* Carry Blunt commenced a *habeas corpus* action pursuant to 28 U.S.C. § 2254 challenging his New York State convictions for two counts of criminal sale of a controlled substance, first degree; one count of criminal possession of a controlled substance, first degree; two counts of criminal possession of a controlled substance, second degree; and two counts of criminal sale of a controlled substance, third degree and his subsequent sentence of fifteen years to life imprisonment. Pending are his objections to Chief Magistrate Judge Gustave J. DiBianco's Report which recommended denial of Blunt's petition. *See Report-Recommendation ("R&R"), Dkt. No. 14; Blunt Objs., Dkt. No. 15.*

In his petition, Blunt alleged that: (1) the prosecutor engaged in the discriminatory use of peremptory challenges in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986); (2) the prosecutor failed to correct false and misleading testimony by one of his witnesses; (3) his constitutional rights were violated when he was denied the right to be present at sidebar interviews of prospective jurors; and (4) the trial court failed to properly instruct the jury that they should refrain from discussing the case. Specific objections will be reviewed under a *de novo* standard, while unspecific objections will be reviewed under a clearly erroneous standard. *See*

2

*Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006).  Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[1]

## II. Background

On January 8, 1999, the Onondaga County Court entered a judgment of conviction after a jury found Blunt guilty of two counts of criminal sale of a controlled substance, first degree; one count of criminal possession of a controlled substance, first degree; two counts of criminal possession of a controlled substance, second degree; and two counts of criminal sale of a controlled substance, third degree.  Blunt's motion to vacate the judgment was denied on November 1, 1999, and the Appellate Division affirmed the conviction.  Application for leave to appeal to the New York Court of Appeals was denied on May 23, 2001.  This action followed.

## III. Facts

Blunt's conviction arose from two incidents in which he was involved in the sale of cocaine to Jonnie Cole, an informant for the Syracuse Police.

---

[1] The Clerk is directed to append Chief Judge DiBianco's Report-Recommendation to this decision, and familiarity is presumed.  *See Dkt. No. 14.*

3

The first sale occurred on February 6, 1997 and was conducted through a co-defendant intermediary, Allyn Perry. The second sale occurred on April 10, 1997, and was made directly by Blunt. Both Cole and Perry testified at trial for the prosecution. Audio tape recordings of the transactions were also played for the jury.

## IV. Discussion

### A. Standard of Review

By statute and rule, district courts are authorized to refer *habeas corpus* petitions to magistrate judges for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254.

When a report and recommendation is filed, the parties have ten (10) days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten (10) days from the receipt of adversary objections to file responses. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c). The local rules further require that the objections must specify the findings and recommendations which are the subject of the objections, and the

4

substantive basis for these objections.  *See* N.D.N.Y. R. 72.1(c).

The district court must review *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).  After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

If a party fails to object in a timely manner, it procedurally defaults and is not entitled to judicial review.  *See Almonte*, 2006 WL 149049, at *3 (citation omitted).  "Although the doctrine of procedural default developed as a circuit appellate rule, it applies in the district courts as long as parties, including those appearing *pro se*, receive clear notice of the consequences of their failure to properly object."  *Id*; *see also Thomas v. Arn*, 474 U.S. 140, 149 & n.7 (1985).  "[T]he notice requirement is satisfied if the report at least states that the failure to object will preclude appellate review[.]"  *Almonte*, 2006 WL 149049, at *3 (citation omitted).

Although failure to object or timely object constitutes procedural

5

default, lack of specificity also gives rise to default. *See id.*, at \*4. The local rule requires that objections address specific findings and conclusions. *See id.* Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *See id.* Frivolous or conclusory objections also fail to satisfy the specificity requirement. *See id.* Furthermore, mere resubmission of the same papers and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and also results in default. *See id.*

The district court must review *de novo* those portions of the magistrate judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement. *See id.,* at \*5; *see also* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).[2] "*De novo* review requires that the court 'give fresh consideration

---

[2]The decision to use procedural default is in the discretion of the district court. *See Almonte,* 2006 WL 149049, at \*4 (citation omitted). "Such discretion is based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulted party." *Id.* (citation omitted). "As the Supreme Court has observed:

[T]he district court...must exercise supervision over the magistrate. Even ... [if a procedural default rule permits a] ... district judge ... to refuse to review a magistrate's report absent timely objection ... [t]he rule merely establishes a procedural default that has no effect on the ... court's jurisdiction. The district judge has jurisdiction over the case at all times. He retains full authority to decide whether to refer a case to the

to those issues to which specific objections have been made.'  It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Almonte*, 2006 WL 149049, at *5 (citation omitted).  After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge...[and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *see also Almonte*, 2006 WL 149049, at *3 (citations omitted).

"The more complex question arises when a party procedurally defaults, the court is not statutorily mandated to conduct *de novo* review nor does it elect to do so, but it concludes that some review is in order nonetheless." *Almonte*, 2006 WL 149049, at *5*.  Under these circumstances, it is within the court's discretion to elect an appropriate review standard.  *See id*.

---

       magistrate, to review the magistrate's report, and to enter judgment.  Any party that desires plenary consideration need only ask.  Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

7

In the case of procedural default, "28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure are both silent on the review standard[.]..." *Id.* "[D]istrict courts have applied standards with varying names and definitions." *Id.,* at *6. "[S]ome adopt the 'clearly erroneous' standard that is articulated in the statute and federal rule governing review of a magistrate judge's nondispositive orders, and referenced in the 1983 Advisory Committee Note."[3] *Id.* (citations omitted). "Given the definition typically assigned to 'clearly erroneous,' the courts review a report to determine whether the findings are against the clear weight of the evidence, or whether the recommendations cause the court to definitely and firmly conclude that a mistake has been committed." *Id.* "Other courts have adopted a 'contrary to law' standard which means that the report fails to apply, or misapplies, relevant statutes, case law, or rules of procedure." *Id.* (citations omitted). "When excusing procedural default in the interests of justice, the Circuit has reviewed the underlying decision or report for

---

[3]"The Rule 72(b) Advisory Committee Note suggests that the court will review for 'clear error,' stating:
'When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" FED. R. CIV. P. 72(b) advisory committee's note (1983) (citations omitted); *see also Almonte*, 2006 WL 149049, at *5 (citations omitted).

8

'plain error.'" *Id.* (citations omitted). "Plain error is one that is clear or obvious and affects substantial rights." *Id.* (citations omitted).

"Mindful that district courts retain jurisdictional authority over all dispositive issues, this court routinely reviews reports before entering final judgment whether objections are registered or not." *See Almonte*, 2006 WL 149049, at *6. When the court does so, however, it is aware that the reports are generated by magistrate judges with extraordinary professional and judicial experience." *Id.* "Accordingly, when required by statute or rule or when the court's routine review so dictates, the court will make a *de novo* determination of findings and recommendations." *Id.* "Absent *de novo* review, the court will apply a 'clearly erroneous' standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Id.* "Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues." *Id.*

**B.   Objections**

Blunt objects to the following four conclusions made by Chief Judge DiBianco: (1) that the prosecutor did not violate *Batson v. Kentucky* when

9

he exercised a peremptory challenge against a potential African-American juror; (2) that a reasonable trier of fact could have found guilt beyond a reasonable doubt based on the evidence produced at trial; (3) that the prosecutor did not fail to correct false testimony of a key witness; and (4) that Blunt's absence during sidebar interviews of potential witnesses did not violate his fundamental rights.

The court will apply two different standards of review.  Blunt has failed to raise specific objections to certain portions of Chief Judge DiBianco's report, and he has procedurally defaulted.  Accordingly, the court has reviewed those portions for clear error.  The court has reviewed Blunt's specific objection *de novo*.

### 1. Unspecific Objections

Chief Judge DiBianco recommended denial of Blunt's petition because Blunt suffered no actual prejudice by the alleged prosecutorial misconduct, and, based on a reading of the transcript, the jury was not mislead by the statements made by a key witness considered by Blunt to be false testimony.  Chief Judge DiBianco also found: (1) that Blunt impliedly waived his right to participate in jury voir dire, and thus, his absence at sidebar interviews of prospective jurors did not violate his

fundamental rights; and (2) that he failed to properly preserve the remainder of his claims.

Although Blunt objects to Chief Magistrate Judge DiBianco's conclusions, his objections on these grounds are a reiteration of the arguments he raised in his initial petition.  Moreover, Blunt's objection to Judge DiBianco's statement that a reasonable trier of fact could have found guilt based on the evidence produced at trial is nonspecific.  As to all of these objections, Blunt has procedurally defaulted, and the court reviews the Chief Magistrate Judge's report for clear error.  *See Almonte*, 2006 WL 149049, at *4.  In reviewing Chief Magistrate Judge DiBianco's conclusions, the court finds no clear error of either fact or law and adopts his recommendation in its entirety.

### 2. Specific Objections

Blunt also objects to Chief Magistrate Judge DiBianco's treatment of his *Batson* claim.  More specifically, he argues that Chief Magistrate Judge DiBianco erred when he stated that Blunt did not object to the second prong of the *Batson* analysis and that the prosecutor's reasons for excusing a potential African-American juror were pretext for his discriminatory motives.

11

As an initial matter, while Blunt objects to the Magistrate Judge's ruling, he fails to offer any legal or factual basis in support of his objection. Nonetheless, the court has reviewed Chief Magistrate Judge DiBianco's findings *de novo*.

While Chief Magistrate Judge DiBianco initially found that Blunt did not explicitly object to the second prong of the *Batson* analysis, this finding is irrelevant. He thoroughly considered the merits of Blunt's claim, addressing each of the three prongs in his analysis.[4] Moreover, the second part of this objection, namely, Blunt's contention that Chief Magistrate Judge DiBianco erred when he found that Blunt's *Batson* claim lacked merit, fails to offer any new factual or legal support for this conclusion. Nonetheless, the court has reviewed Blunt's *Batson* claim *de novo* and finds that it lacks merit for the reasons articulated in Chief Magistrate Judge DiBianco's June 3, 2004 Report-Recommendation.

## IV. Conclusion

---

[4]The United State Supreme Court has articulated a three-part test for a claim that a prosecutor discriminatorily exercised peremptory challenges. "First, a defendant must make a *prima facie* showing that a peremptory challenge has been exercised on the basis of race....Second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question....Third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination." *Miller-el v. Cockrell*, 537 U.S. 322, 328-329 (2003).

12

Having reviewed the objected-to portions of the Report-Recommendation *de novo*, the remainder under a clearly erroneous standard, and Blunt's objections, this court accepts and adopts the recommendation of Chief Judge DiBianco for the reasons stated in the June 3, 2004 Report-Recommendation.

**WHEREFORE**, it is hereby

**ORDERED** that Blunt's petition is **DISMISSED** and the relief sought is **DENIED**, and it is further

**ORDERED** that the clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

September 25, 2006
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

13